JUDGE KATHLEEN CARDONE

UNITED STATES DISTRICT COURT
Western District of Texas
El Paso Division

2024 MAY -3 PM 3:13

U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____

**EP24CV0155**

| | | |
|---|---|---|
| **Barbara Silva** | § § | |
| Plaintiff, | § § | Case No. _____ |
| v. | § § | |
| | § | Jury Demanded |
| **Lendvia LLC, a California Limited Liability Company** | § § § | |
| Defendant. | § | |

### PLAINTIFF'S COMPLAINT

Plaintiff, Barbara Silva ("**Plaintiff**") files this action against Lendvia, LLC ("**Lendvia**") for violations of the Telephone Consumer Protection Act and Texas Business and Commerce Code.

1. **Introduction**

    1.1. This action arises out of Defendants' practice of making unauthorized telemarketing calls to individuals on the National Do-Not-Call Registry without prior express written consent (or any consent whatsoever) and to individuals who have requested not to be called, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") and provisions of the Texas Business & Commerce Code.

    1.2. Plaintiff's telephone number was registered on the National Do-Not-Call Registry at the time of the calls and was so registered for more than 31 days prior to the calls.

2. **Parties.**

    2.1. Plaintiff is, and at all times mentioned herein was, a citizen and resident of this District

—1—

and was present in Texas for all calls received, in this case in El Paso County, Texas.

2.2. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

2.3. Plaintiff is, and at all times mentioned herein was, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27).

2.4. Plaintiff is, and at all times mentioned herein was, a "purchaser" as defined by Tex. Bus. & Com. Code § 302.001(3).

2.5. Lendvia, LLC ("Lendvia") is a is a limited liability company organized and existing under the laws of California and can be served via registered agent Republic Registered Agent LLC, 17350 State Hwy 29, Suite 220, Houston, Texas 77064.

2.6. Defendant is and at all times mentioned herein a "person" as defined by 47 U.S.C. § 153 (39).

2.7. Defendant is and at all times mentioned herein a, "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27).

2.8. Defendant is and at all times mentioned herein was, a "seller" as defined by Tex. Bus. & Com. Code § 302.001(5).

3. **Jurisdiction and Venue.**

   3.1. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

3.2. This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), because they are so closely related to the federal claims that they form a single case or controversy.

3.3. This Court has specific personal jurisdiction over Defendant Lendvia because Defendant purposefully availed itself to the State of Texas and to this District, and there is a sufficient relationship between Defendant's purposeful contacts with Texas and the litigation:

   3.3.1. Defendant Lendvia targets Texas when marketing debt relief services and regularly conducts business in this District, including telephone solicitation.

   3.3.2. Lendvia called Plaintiff's El Paso-area phone number (with area code 915) to generate leads for Lendvia's debt services.

   3.3.3. These calls to Texas injured Plaintiff in Texas, creating a causal link among Defendant Lendvia, the forum, and the litigation exceeding the non-causal affiliation sufficient to support personal specific jurisdiction.

3.4. Venue is proper because the Plaintiff is a resident of this District and Defendants have sufficient contacts in this State and District to subject them to personal jurisdiction. As set forth above, Defendants targeted residents of this District and made calls into this State.

4. **The Law Regarding Robocalls**

4.1. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

4.2. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

4.3. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

4.4. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

4.5. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and

conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012).

5. **The National Do Not Call Registry**

    5.1. The national Do Not Call Registry (the "Registry") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

    5.2. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential and wireless telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

    5.3. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id.*

    5.4. The Federal Communications Commission found that it "must mandate procedures for

establishing company-specific do-not-call lists to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy." *Id.* at ¶ 24.

5.5. These regulations are codified in part at 47 CFR 64.1200(d)(1)-(7).

5.6. Specifically, these regulations require a company to provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, **and a telephone number or address at which the person or entity may be contacted.** 47 CFR 64.1200(d)(4) (emphasis added).

5.7. These policies and procedures prohibit a company from making calls for telemarketing purposes[1] unless they provide the required information. 47 CFR 64.1200(d).

5.8. Accordingly, all telemarketing calls violate the TCPA, unless Defendants can demonstrate that they have provided the required information on each of the calls.

5.9. There is a private right of action to enforce 47 C.F.R. § 64.1200(d) through § 227(c):

> [S]ection 227(c)(5)... empowers 'any person' to sue for damages and injunctive relief for do-not-call violations 'by or on behalf of' a company.

---

[1] The distinction between the use of "telephone solicitation" in relation to the national do-not-call database and calls for "telemarketing purposes" in relation to the company-specific do-not-call list is significant. "Telephone solicitation" excludes calls made to a person with whom the company has as established business relationship, 47 CFR 64.1200(f)(14), which can be established by a "voluntary two-way communication". 47 CFR 64.1200(f)(5). But this business relationship can be terminated by a "do not call" request. 47 CFR 64.1200(f)(5)(i). "Telemarketing purposes", on the other hand, includes any calls made for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, regardless of any consent or established business relationship. 47 CFR 64.1200(f)(12). In other words, prior to making any telemarketing calls to anyone, regardless of relationship, a company must implement the company-specific do-not-call regulations, but it only need to comply with the national do-not-call registry provisions with respect to persons with whom it does not have an existing established business relationship.

> In accordance with this statutory provision, the Commission's company-specific do-not-call rules provide that '[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity[.]' 47 C.F.R. § 64.1200(d).

*In re Dish Network*, 28 FCC. Rcd. 6574, ¶ 29 (2013).

5.10. These requirements are separate but cumulative. In other words, a company must comply with both the required information and comply with the national "do not call" database regulations. A failure to comply with either is distinct a violation of 47 U.S.C. § 227(c).

5.11. Though some of these requirements mention "residential" telephones, they were all extended to cover calls to cellular telephones as well as residential telephones. 47 CFR § 64.1200(e).

5.12. Further, a person or entity can be liable for calls made on its behalf in violation of the TCPA, even if that person or entity did not directly dial such calls. *See, e.g., In re Rules & Regs. Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995) (explaining that the FCC's "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any [TCPA] violations"). In fact, in May 2013, the FCC issued a binding declaratory ruling clarifying that sellers "may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers . . . under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and

ratification." *In re Joint Petition Filed by DISH Network, LLC et al. for Declarator Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, 6584 ¶28 (2013).

5.13. Accordingly, an entity can be liable under the TCPA for a prohibited call made on its behalf under a number of theories including vicarious liability. Under those circumstances, including as described herein as to Defendants, the seller is properly deemed to have initiated the call through the person or entity that actually placed the call.

## 6. Individual Liability

6.1. Individuals acting on behalf of a corporation may be held personally liable for violations of the TCPA if they "had direct, personal participation in or personally authorized the conduct found to have violated the statute." *Texas v. Am. Blastfax, Inc.,* 164 F.Supp.2d 892, 898 (W.D.Tex. 2001)("[A]n officer may be personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violated the statute, and was not merely tangentially involved. Individuals who directly (and here, knowingly and willfully) violate the TCPA should not escape liability solely because they are corporate officers.").

6.2. A number of other federal district courts have concluded that individuals acting on behalf of a corporation may be held personally liable under the TCPA when they directly participated in, or personally authorized, the violative conduct. *See City Select Auto Sales Inc. v. David Randall Assocs., Inc.*, 885 F.3d 154, 161 (3rd Cir. 2018); *Bais Yaakov*

*of Spring Valley v. Graduation Source, LLC*, No. 14-CV-3232 (NSR), 2016 WL 1271693, at *5 (S.D.N.Y. Mar. 29, 2016); *Sandusky Wellness Ctr., LLC v. Wagner Wellness, Inc.*, No. 3:12 CV 2257, 2014 WL 1333472, at *3 (N.D. Ohio Mar. 28, 2014); *Maryland v. Universal Elections,* 787 F. Supp. 2d 408, 416 (D.Md. 2011)(reasoning that "if an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force"); *Baltimore-Washington Tel. Co. v. Hot Leads Co., LLC*, 584 F. Supp. 2d 736, 745 (D. Md. 2008).

## 7. Spoofing is Illegal

7.1. The regulations enforcing and interpreting the TCPA, also require that any person or entity that engages in telemarketing must transmit caller identification information.[2] 47 C.F.R. § 64.1601(e). **This prevents a telemarketer from "spoofing" (using a false identification for their marketing calls) the telephone number from which the telemarketing call is made. Additionally, the regulations require telemarketers to** provide the name of the telemarketer when available by the telemarketer's carrier and the seller's customer service number.

---

[2] The information required is: (1) the calling party number, "CPN" or automatic numbering information, "ANI"; and (2) the name of the telemarketer. 47 C.F.R. § 64.1601(e).

7.2. Here Defendants did not comply with the requirements of 47 C.F.R. § 64.1601(e) as it provided incorrect information regarding the number from which the calls were being made.

8. **Texas' Anti Solicitation and Robo-Calling Statutes**

    8.1. Section 302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

    8.2. Sellers engaging in telephone solicitations are required to register, and among other things, list "each telephone number to be used by the seller and the address where each telephone using the number is located." §302.151(10).

    8.3. Section 302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, section 302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorneys' fees.

    8.4. Pursuant to section 305.053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both.

9. **Factual Allegations**

   9.1. Plaintiff personally successfully registered her phone number ending in 8790 on the National Do-Not-Call Registry ("DNC") on February 4, 2022.

   9.2. Plaintiff registered her phone number in order to gain seclusion from unwanted solicitation phone calls.

   9.3. The calls were to Plaintiff's cellular phone which is Plaintiff's personal cell phone that she uses for personal, family, and household use. Plaintiff maintains no landline phones at her residence and has not done so for at least 10 years and primarily relies on cellular phones to communicate with friends and family. Plaintiff also uses her cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. Plaintiff pays the cell phone from her personal accounts and the phone is not primarily used for any business purpose.

   9.4. Plaintiff did not consent to any of the phone calls alleged herein.

   9.5. Plaintiff was registered on the National DNC at all times relevant to this Complaint.

   9.6. Plaintiff began prerecorded phone calls from Defendant on September 6, 2023.

   9.7. Plaintiff has received at least eight (8) phone calls from Defendants despite not needing their loan services.

   9.8. Plaintiff received the first phone call on September 6, 2023, from phone number 209-306-7349. Plaintiff did not answer this phone call and was left a voicemail with

prerecorded voice message from "Dan from Prompt Financial." The prerecorded voice message instructed Plaintiff to call 833-652-7555.

9.9. Plaintiff received the same exact phone calls as paragraph 9.8 from Defendant on September 7, 2023, and September 14, 2023. Each of these phone calls left Plaintiff the same voicemail with the same prerecorded message.

9.10. On October 12, 2023, and October 17, 2023, Plaintiff received phone calls from phone number 929-799-4609. Plaintiff did not answer the phone calls. The calls went to voicemail and Plaintiff was left the same exact voicemail as in paragraph 9.8.

9.11. On November 1, 2023, Plaintiff received a phone call that displayed 254-428-7512 on Plaintiff's caller identification, Plaintiff did not answer the phone and was left a prerecorded voice message from "Dan from Prompt Financial," and instructed Plaintiff to call 833-652-7555.

9.12. On November 24, 2023, and November 25, 2023, Plaintiff received phone calls from 833-431-2998 and 833-604-0958 that were not answered. Each of these missed phone calls resulted in prerecorded voice messages being left as voice mails on Plaintiff's phone. Each of the voice messages was from "Dan from Prompt Financial" and instructed Plaintiff to call 833-435-4428.

9.13. On April 1, 2024, Plaintiff called the 833-652-7555 phone number that was instructed to call in the voicemails containing the prerecorded.

9.14. Plaintiff was solicited for debt relief services via a consumer loan by Defendant.

9.15. On April 2, 2024, Plaintiff had her friend call phone number 835-435-4428 as part of her investigation. Plaintiff's friend was solicited for Debt relief by Defendant when he called 835-435-4428.

9.16. Table A below displays the calls made to Plaintiff by Defendant Lendiva

TABLE A

| Number: | Date: | Time: | Caller ID: | Notes: |
|---|---|---|---|---|
| 1. | 09/06/2023 | 4:55 PM | 209-306-7349 | Prerecorded message |
| 2. | 09/07/2023 | 6:33 PM | 209-306-7349 | Prerecorded message |
| 3. | 09/14/2023 | 5:34 PM | 209-306-7349 | Prerecorded message |
| 4. | 10/12/2023 | 6:13 PM | 929-799-4609 | Prerecorded message |
| 5. | 10/17/2023 | 12:14 PM | 929-799-4609 | Prerecorded message |
| 6. | 11/01/2023 | 8:38 AM | 254-428-7512 | Prerecorded message |
| 7. | 11/24/2023 | 11:31 AM | 833-431-2998 | Prerecorded message |
| 8. | 11/25/2023 | 10:20 AM | 833-604-0958 | Prerecorded message |

9.17. On April 29, 2024, Plaintiff searched on the Texas Secretary of State website https://direct.sos.state.tx.us/telephone/telephonesearch.asp and did not find a valid Texas Solicitation Registration as required by Texas Business and Commerce Code 302.101 for Lendvia.

9.18. Defendant has never had a valid Texas Solicitation Registration.

9.19.   Plaintiff was located in El Paso, Texas at all times, and the phone calls came to Plaintiff's El Paso, TX 915 area code phone number.

9.20.   Plaintiff was irritated and confused by the solicitation phone calls and had to spend time and energy investigating the origin of the phone calls.

9.21.   Each and every call was placed without the maintenance of an internal do-not-call policy. Each and every call was placed without training their agents/employees on the use of an internal do-not-call policy.

9.22.   No emergency necessitated the calls.

9.23.   Through information and belief, Defendant Lendvia did not have a written do-not-call policy while it was sending Ms. Silva unsolicited calls.

## 10. FIRST CAUSE OF ACTION - Violations of the TCPA, 47 U.S.C. § 227(b)

10.1.   Plaintiff incorporates the foregoing allegations as if fully set forth herein.

10.2.   Defendants placed, or had placed on their behalf, eight (8) prerecorded telemarketing telephone calls to Plaintiff's cellular telephone number without prior express written consent.

10.3.   Defendants have therefore violated 47 U.S.C. § 227(b).

10.4.   As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

10.5.   Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## 11. SECOND CAUSE OF ACTION – Violations of the TCPA. 47.U.S.C § 227(c)

11.1.　Plaintiff incorporates the foregoing allegations as if fully set forth herein.

11.2.　Defendants placed, or had placed on their behalf, telemarketing telephone calls to Plaintiff's residential telephone number.

11.3.　Plaintiff's telephone number was on the National Do-Not-Call Registry at the time of calls.

11.4.　Plaintiff received two or more such calls in a 12-month period.

11.5.　Plaintiff is entitled to an award of $500 in statutory damages for each call pursuant to 47 U.S.C. § 227(c)(5) for each of eight (8) solicitation phone calls..

11.6.　Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## 12. THIRD CAUSE OF ACTION - Violations of the TCPA, 47 U.S.C. § 227(c)

12.1.　Plaintiff incorporates the foregoing allegations as if fully set forth herein.

12.2.　Defendants placed, or had placed on its behalf, two or more telemarketing telephone calls to Plaintiff's residential telephone numbers in a 12-month period.

12.3.　Defendants did so despite not providing a telephone number or address at which the person or entity making the call could be contacted.

12.4.　Thus, Defendants did so without complying with the identification and disclosure requirements.  47 C.F.R. § 64.1200(d)(4).

12.5.  Plaintiff is entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(c)(5) for each of eight (8) solicitation phone calls.

12.6.  Plaintiff is entitled to an award of treble damages in an amount up to $1,500 telephone call, pursuant to 47 U.S.C. § 227(c)(5) for eight (8) solicitation phone calls.

### 13. FOURTH CAUSE OF ACTION - Violations of Texas Business and Commerce Code, § 302.101

13.1.  Plaintiff incorporates the foregoing allegations as if fully set forth herein.

13.2.  Defendants failed to obtain a registration certificate from the Office of the Secretary of State of Texas pursuant to § 302.101 of the Texas Business and Commerce Code.

13.3.  Defendants placed telephone solicitations to Plaintiff's telephone numbers.

13.4.  Defendants' telephone solicitations were made from a location in Texas or to Plaintiff while he was located in Texas.

13.5.  Plaintiff is entitled to an award of up to $5,000 for each violation and all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees for each of eight (8) solicitation phone calls.

### 14. FIFTH CAUSE OF ACTION – Violations of Texas Business and Commerce Code, § 305.053

14.1.  Plaintiff incorporates the foregoing allegations as if fully set forth herein.

14.2.  Defendants placed in a 12-month period more than one telemarketing telephone calls to Plaintiff's telephone number.

14.3. Each of these calls violated 47 U.S.C. § 227 or a regulation adopted under that provision.

14.4. Plaintiff is entitled to:

14.4.1. a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305;

14.4.2. the greater of $500 for each violation or Plaintiff's actual damages (see Tex. Bus. & Com. Code §304.053(b);

14.4.3. the greater of $1,500 for each violation or Plaintiff's actual damages for each call made knowingly or intentionally (see Tex. Bus. & Com. Code §304.053(c).

## 15. Prayer for Relief

15.1. Plaintiff prays for the following relief:

15.1.1. An order declaring that Defendants' actions, as set out above, violate the TCPA and the Texas Business and Commerce Code because they are a violation of 47 U.S.C. §§ 227 (c), 47 C.F.R. §§64.1200(c)(4) and/or 47 C.F.R. § 64.1601(e);

15.1.2. An order declaring that Defendants' actions, as set out above, violate Tex. Bus. & Com. Code § 302.101.

15.1.3. An award of statutory damages under the Texas Business and Commerce Code;

15.1.4. An award of treble damages;

15.1.5. An award of reasonable attorneys' fees and costs, including the costs set forth pursuant to Tex. Bus. & Com. Code § 302.302(d); and

15.1.6. All other relief, in law and in equity, to which Plaintiff may be entitled.

## 16. Jury Demand

16.1.  Plaintiff requests a trial by jury of all claims that can be so tried.

May 1, 2024,

Respectfully submitted,

By: _____
Barbara Silva
8749 Coloma Circle
El Paso, TX 79907
Bbrios259@gmail.com
915-887-8790